CASE 93—PETITION EQUITY—MAY 10.

# Louisville & Nashville Railroad Company v. Kentucky Midland Railroad Company.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CONSTRUCTION OF CONTRACT BETWEEN RAILROAD COMPANIES AS TO CONNECTION OF TRACKS.—Under a written contract between appellant and appellee, two railroad companies, whereby appellant consented that appellee might construct in appellant's freight yard a track for the purpose of connecting appellee's main track with one of the side tracks of appellant, the connection to be made under the supervision and to the satisfaction of an engineer of appellant, and to be constructed and maintained by appellee at its own expense, each company has the right to use the connecting track for the purpose of interchanging freight and passengers and transfer of cars from one main track to the other, but neither company has the right to occupy it or use it for any other purpose without the consent of the other.

2. SAME.—The writing does not import a mere license given without consideration and revocable at pleasure by appellant, but is in substance and meaning an agreement whereby appellant, for a valuable consideration, sells and grants a joint and equal interest in that part of its freight yard occupied by the track in question.

JOHN W. RODMAN FOR APPELLANT.

1. The writing relied on by appellee is at best nothing more than a license, and the fact that the license is in writing gives it no more force than if it had been verbal. (Johnson v. Skillman, 43 Am. Rep., 194; Wiseman v. Lucksinger, 38 Am. Rep., 479; St. Louis National Stock Yards v. Wiggins Ferry Co., 54 Am. Rep., 243; Jackson *ex de* Hull v. Babcock, 4 John., 419.)

   Licensee is not entitled to notice to quit. (Doe v. Baker, 25 Am. Dec., 706; 4 Dev. Law (N. C.), 220.)

2. No easement in or right affecting real estate can be created by contract of the party except by deed. (Duryer v. Sanford, 9 Met., 395; Goddard v. Dakin, 10 Met., 94; Moore v. Copeland, 2 Gray, 302; Maine v. Cumstin, 98 Mass., 317; Wright v. Wright, 21 Conn., 329; Stander v. Chrismas, 10 Q. B., 135; Bichford v. Parsons, 5 C. B., 920; Wood v. Leadbetter, 13 M. & W., 841.)

3. Neither the company nor Harrahan, as general manager, had any authority to confer a right of way over appellee's land. (Mount Sterling & Jeff. Turnpike Co. v. Looney, 1 Met., 550; Enterprise Imp.

Louisville & Nashville Railroad Co. v. Kentucky Midland Railroad Co.

Co. v. Wilson, 11 Ky. Law Rep., 4; Wheat v. Bank of Louisville, 9 Ky. Law Rep., 738; St. Louis Stock Yards v. Wiggins Ferry Co., 54 Am. Rep., 243; Angell & Ames on Corporations, p. 211, sec. 236; Garrison v. Combs, 7 J. J. M., 85.)

JOHN B. LINDSEY FOR APPELLEES.

1. Appellant was not under any such disability as should permit it to avoid its own contracts.   (Boone on Real Property, sec. 390.)

2. The corporation can not avail itself of the defense of *ultra vires* where the contract has been in good faith fully performed by the other party or he has expended money in performance.   (Beach on Law of Railways, secs. 498, 506, 518, 523, 530.)

3. It would be a fraud on appellee to permit the revocation or rescission of these contracts.   (Bispham's Eq., p. 446, secs. 384–5.)

4. Appellee acquired by the contract the exclusive right to the use of the 197 feet of track in question.   And even if it did not, appellant having permitted it to expend money knowing that it believed it had such exclusive right, is now estopped to assert the contrary. (Herman on Estoppel, 494, 496, 498; Boone's Law of Real Property, sec. 255.)

5. There can be no question as to the right acquired under this contract being an easement. (Boone on Real Property, sec. 135 and authorities cited.)

6. Licenses to a railroad to enter on land are not revocable after the licensee has expended money in making erections of a permanent character so that a revocation would operate as a fraud upon the licensee, and a court of equity will enforce the license as an agreement to give the right.   (Beach on Law of Railroads, sec. 780; Jarvis v. Satterwhite, 2 Ky. Law Rep., 436; Porter v. Barclay, 7 Ky. Law Rep., 747; Alexander v. Woodford Spring Lake Fishing Co., 12 Ky. Law Rep., 107; McFarland v. Baugh, 12 Ky. Law Rep., 744; Holloway, &c., v. St. Louis, &c., R. Co., 13 Ky. Law Rep., 481; Griffy, &c., v. Bryans, &c., 7 Bush, 471.)

WM. LINDSAY OF COUNSEL ON SAME SIDE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Decision of this case depends upon meaning and application of the following contract: "Whereas The Kentucky Midland Railway Company wishes to form a connection of its main track with one of the side tracks of The Louisville & Nashville Railroad Company, near the warehouse east of High street and north of The Louisville & Nashville Railroad Company's main track in the

city of Frankfort . . as more particularly shown on the
tracing made part hereof. And, whereas, The Louisville
& Nashville Railroad Company has consented that the
Kentucky Midland Railway Company made said proposed
connection upon the terms and conditions set forth here-
in. Now, therefore, this contract, made and entered into
this 9th day of November, 1888, witnesses that said The
Louisville & Nashville Railroad Company hereby agrees
that said The Kentucky Midland Railway Company may
make said proposed connection, as shown by said attached
tracing, with a single track railway, the said connection
to be made under the supervision and to the satisfaction
of an engineer, or the superintendent of The Louisville
& Nashville Railroad Company and to be constructed and
maintained by said The Kentucky Midland Railway Com-
pany, at its own expense, and free of all cost and expense
to said The Louisville & Nashville Railroad Company. It
is also agreed that, if at any time The Louisville & Nash-
ville Railroad Company shall change the location of any
of its tracks in said city of Frankfort, or shall lay any
additional side track or side tracks or other tracks in
said city, in such manner as will necessitate a change in
the connection to be made under this contract, or in such
manner as that the line of The Kentucky Midland Rail-
way will be crossed or otherwise further connected there-
with, that said The Kentucky Midland Railway Company
will make such crossing or crossings, connection or con-
nections, as may become necessary, at its own cost and
expense exclusively, and that said The Louisville & Nash-
ville Railroad Company is to be at no cost or expense
whatever, growing out of said connection or connections,
crossing or crossings, should such crossing or crossings,

connection or connections hereafter become necessary because of any change or changes said The Louisville & Nashville Railroad Company may make at that point."

The action was brought September 24, 1890, by The Kentucky Midland Railway Company and The Home Construction Company, the latter having, in 1888, leased of the former company its road and now operating it, to enjoin The Louisville & Nashville Railroad Company placing any of its cars upon that part of the main track of the plaintiff, Kentucky Midland Railway Company, between the northeast corner of South's warehouse, where it connects with one of defendant's side tracks, as shown by the paper made part of the contract, and the eastern line of defendant's freight yard, or in any manner whatever interfering with plaintiff's occupation and use of said track.

The Louisville & Nashville Railroad Company in its answer made a counter-claim, set up various grounds of defense and prayed said contract be adjudged of no legal effect, except as a temporary license revocable at its pleasure.

Upon final hearing the chancellor adjudged that The Kentucky Midland Railway Company and The Home Construction Company, as its lessee, are entitled to have, hold and maintain upon the freight yard of The Louisville & Nashville Company its main track of railway as now situated, from the eastern boundary of said freight yard along south margin thereof to the point of connection of same with one of the latter company's side tracks at northeast corner of South's warehouse, and have the right to operate, maintain and use said track, free from control, obstruction and interference of defendant; and,

moreover, are entitled in common with defendant to use of the switch track along side of said warehouse, from northeast corner thereof west to the point of its clearance from defendant's switch track, at a distance of about fifty feet, for passage of cars and trains in interchanging business between the two roads. And to protect such rights the defendant was perpetually enjoined placing any cars upon said track, between the northeast corner of said warehouse and boundary line of its freight yard' against consent of plaintiffs or in any manner interfering with plaintiffs in their enjoyment, occupation and use of said track.

The effect of that judgment is to give to The Kentucky Midland Company absolute and exclusive possession and control of said track, extending about 197 feet, to be used and enjoyed by it, or its lessee, without right of The Louisville & Nashville Company, owner of the land on which it is situated, to place cars thereon, for any purpose whatever, without its consent.

It seems to us such construction and application of the contract in question is palpably variant from its true meaning and intention of the parties and is no less than arbitrarily taking, under form of judicial process, the property of one, and, without compensation, giving it to another. For it is too plain for discussion that The Kentucky Midland Company asked, and The Louisville & Nashville Company agreed to permit it, to extend its main track to a suitable point of juncture with a side track of the latter, for the sole purpose of forming a connection of their roads whereby to create and facilitate interchange of business. The Louisville & Nashville Company had no interest in such extension of The Kentucky Midland

Road for any other purpose, and it is unreasonable to say it intended to donate a portion of its freight yard, hardly large enough for its own purposes, for construction of a track which The Kentucky Midland would practically own and have right to operate, not for interchange of business between the two roads, but exclusively for its own private purposes. And one of the grounds of complaint by The Louisville & Nashville Company is, that after the contract was made, The Kentucky Midland Company constructed a side track from its own depot to a point of intersection with its main track, only about ten feet from the freight yard of the former company, and that in order to move trains from one of said tracks to the other, it is necessary to move them into the yard, which The Kentucky Midland Company, or its lessee, has, against the protest and to annoyance and inconvenience of The Louisville & Nashville Company, been doing and, under the judgment appealed from, may continue to do indefinitely.

Clearly, The Kentucky Midland Company has, under the contract, no right to use that part of its main track laid inside the freight yard of The Louisville & Nashville Company for any other purpose than the interchange of business between the two companies, nor right to place thereon or remove therefrom any cars except such as may be destined for, or brought from, The Louisville & Nashville Road.

It is equally clear to us that the writing in question, formally signed as it is by officers of both companies, does not import a mere license given without consideration and revocable at pleasure by The Louisville & Nashville Company. But it is, in substance and meaning, an

agreement whereby that company, in consideration of out-lay of money by The Kentucky Midland Company in con-structing the track of 197 feet, and further consideration of mutual and reciprocal benefit by reason of connecting their roads, sells and grants a joint and equal interest in that part of its freight yard occupied by the track in question, that is to be used by them for the purpose of interchanging freight and passengers and transfer of cars from one main track to the other; but not to be occupied or used by either, against consent of the other, for any other purpose.

It is however alleged, and, we think, shown, that in virtue of a verbal agreement, upon faith of which The Kentucky Midland Company paid for removing and repairing that part of the switch track alongside of said warehouse, the two companies were to have joint use of it for passage of cars from one main track to the other. It would seem, independent of an express agreement, that use of that part of the switch track would be necessary, in order to facilitate the purpose for which the track of 197 feet was constructed, and a right to reasonable use would be a result of the contract, and there was no necessity to fix, by judgment, the right to such use.

For the reasons indicated, the judgment is reversed and cause remanded for dissolution of the injunction, except to the extent it restrains The Louisville & Nashville Com-pany from obstructing use of the track of 197 feet for interchange of business between the two companies, and for further proceedings consistent with this opinion.